**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

TRAVIS SHUTES
ADC #176432 PLAINTIFF

v. 4:26-cv-00548-DPM-JJV

BREEDLOVE, Dentist,
Wrightsville Unit, ADC; *et al.* DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

## I. INTRODUCTION

Plaintiff Travis Shutes is a prisoner in the Larry B. Norris Unit of the Arkansas Division of Correction who has filed a *pro se* Complaint seeking relief pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* When conducting this review, the court construes pro se pleadings liberally. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). But "labels and conclusions," "formulaic recitation[s] of the elements of a cause of

action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*.

## II. DISCUSSION

Plaintiff says on April 13, 2024, Defendant Dr. Breedlove, who he believes works for Defendant Wellpath, extracted a tooth while he was in the Wrightsville Unit. (Doc. 1.) Plaintiff, who is hypertensive, claims he lost a large amount of blood, was taken by ambulance to a hospital, and passed out because Dr. Breedlove failed to take his blood pressure and nicked an artery during the dental procedure. Plaintiff also believes Dr. Breedlove may have subjected him to cross contamination by putting the removed tooth back into the socket in an effort to stop the bleeding. Finally, Plaintiff says after medical providers at the hospital stopped the bleeding and gave him intravenous fluids, he returned to prison later that day. As relief, Plaintiff seeks monetary damages from Dr. Breedlove and Wellpath. After careful consideration, I recommend the Complaint be dismissed without prejudice for two reasons.

First, to proceed with an inadequate medical care claim under the Eighth Amendment, it must be plausible that: (1) Plaintiff had an objectively serious need for dental care; and (2) Dr. Breedlove subjectively knew of, but deliberately disregarded, that serious need. *See Jones v. Faulkner Cnty.,* 131 F.4th 869, 874 (8th Cir. 2025); *Johnson v. Leonard*, 929 F.3d 569, 575-76 (8th Cir. 2019). The second element of deliberate indifference is a high threshold that goes well beyond negligence or gross negligence. *Hall v. Higgins*, 77 F.4th 1171, 1179 (8th Cir. 2023); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). To establish deliberate indifference, it must be plausible the defendants "recognized that a substantial risk of harm existed and knew that their conduct was inappropriate in light of that risk." *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021)

(emphasis in the original). This level of mental culpability is "akin to criminal recklessness." *Presson v. Reed*, 65 F.4th 357, 367 (8th Cir. 2023). Although the facts raised by Plaintiff are serious, they suggest Dr. Breedlove was perhaps negligent, or at most grossly negligent, when she allegedly failed to check Plaintiff's blood pressure and nicked an artery during the dental procedure. Because nothing in the Complaint suggests her conduct rose to the level of deliberate indifference, I conclude Plaintiff has not pled a plausible Eighth Amendment claim against her. And there are no facts suggesting Plaintiff was injured as a result of Defendant Wellpath's policy or custom. *See De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 804 (8th Cir. 2022) (because there is no respondeat superior liability in § 1983 actions, a corporation can only be held liable if "there is a policy, custom or action by those who represent official policy that inflicts [an] injury actionable under § 1983"). Thus, I recommend the Complaint be dismissed without prejudice for failure to state a plausible claim.

In the alternative, the PLRA requires a prisoner to fully exhaust administrative remedies in compliance with the incarcerating facility's rules before filing a lawsuit in federal court. *See* 42 U.S.C. § 1997e(a); *Muhammad v. Mayfield*, 933 F.3d 993, 1001 (8th Cir. 2019); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). While failure to exhaust is usually an affirmative defense "inmates are not required to specially plead or demonstrate" in their complaints, a court may dismiss a prisoner's § 1983 claim *sua sponte* when it is clear from the face of the complaint the proposed claim has not been exhausted. *Jones v. Bock*, 549 U.S. 199, 214-16 (2007); *see also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 682-83 (4th Cir. 2005). In the Complaint, Plaintiff admits he did not file any grievances about the April 13, 2024 incident. (Doc. 1 at 4.) Thus, the Complaint could also be dismissed without prejudice due to Plaintiff's failure to exhaust his administrative remedies. *See, e.g., Coley v. Neal, No*. 2:23-cv-00222-BSM-PSH, 2024 WL 36792 (E.D. Ark. Jan. 3, 2024) (E.D.

Ark. July 13, 2023) (dismissing a case during screening when it was clear from the face of the complaint the plaintiff had not fully exhausted his administrative remedies); *Sherman v. Perkins,* No. 4:23-cv-500-BSM-ERE, 2023 WL 5255967 (E.D. Ark. July 13, 2023) (same); *Pitts v. Bennett*, No. 2:23CV00084-DPM-JTK, 2023 WL 3829456 (E.D. Ark. Apr. 17, 2023) (same); *Stockton v. Page*, No. 4:23-cv-00007-JM-ERE, 2023 WL 1927483 (E.D. Ark. Jan. 26, 2023) (same).

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 1) be DISMISSED without prejudice for failing to state a plausible claim for relief.

2. In the future, dismissal be counted as a strike under 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of July 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE